## YOUNGSTOWN MUNICIPAL RY CO v HOLMAN

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 11, 1930

Harrington, Deford, Huxley & Smith, Youngstown, for Ry Co.

John Ruffalo, Youngstown, for Holman.

FARR, J.

The case of **Sobolovitz v. Lubric Oil Company, 107 Oh St 204,** the first, second and third propositions of the syllabus are of interest and read as follows:

"1. To entitle plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that he produce some evidence upon every essential element to create liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element.

2. An inference of fact can not be predicated upon another inference but must be predicated upon a fact supported by evidence.

3. Where the plaintiff fails to produce any evidence upon an essential element of his case and no reasonable inference can be drawn from any fact supported by evidence which, will tend to prove such element, it is error for the court to submit the case to a jury."

That Mrs. Holman became ill there can be no question, and later died from the effects of an unfortunate physical condition is equally true; that there was some collision between the truck and the electric car there is no question, but no testimony was found in the Record showing that Mrs. Holman was injured at the time of the contact of the truck and the electric car. Can an inference be based upon the fact that there was a collision, the inference that this unfortunate condition resulted, when it might have happened in many other ways, and can it be said that this proof, this Record is such that it reasonably excludes every other hypothesis of the happening of an incident which brought about the physical condition? Scarcely so. No one says that she was thrown from her seat, that she was jostled from it or fell from it. True, that is alleged in the petition, but the proof falls short upon the issue that would connect the injury, if there was an injury, with the collision between the car and the truck. It can not be inferred simply because there was a col-

lision that Mrs. Holman then and there sustained the injury that led to her death. That would be to enter the domain of speculation purely, and the same principle as announced in the Lubric Oil Company case is again announced in **Lashure vs. Gas Company, 119 Oh St 11.**

There was not any presumption of negligence upon the part of the street car company or upon the part of Mrs. Holman. It can not well be said in the light of this Record that there is sufficient proof going to show that Mrs. Holman was injured, so injured at the time of the contact of these two vehicles as to produce the trouble which followed; in fact, the testimony of Jones and McFarland seems to indicate to the contrary. They said it was a slight contact, and McFarland said he never gave it a thought after he felt the bump.

The verdict, therefore, is not sustained by sufficient testimony.

Some complaint is made with reference to the charge of the trial court. These complaints have been examined but no reversible error is disclosed in that regard. For the reason that the verdict and judgment are against the weight of the evidence, the judgment is reversed and the cause remanded.

Pollock and Roberts, JJ, concur.